UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**JANE DOE,**  Case No.:  4:23-cv-2976

      **Plaintiff,**

**vs.**

**AETNA LIFE INSURANCE COMPANY,**

      **Defendant.**

## COMPLAINT

COMES NOW, Plaintiff, Jane Doe (hereinafter "Plan Beneficiary" and/or "Insured"), through her undersigned counsel, and sues Defendant, Aetna Life Insurance Company, (hereinafter "Aetna"), and alleges:

### NATURE OF ACTION, PARTIES, JURISDICTION AND VENUE

1. This is a civil action arising under the laws of the United States, specifically the Employment Retirement Income Security Act of 1974, Title 29, United States Code Sections 1000-1461 ("ERISA"), for Defendant's wrongful denial of Plaintiff's health insurance benefits for damages, attorney's fees and costs, and for other relief within the subject matter jurisdiction of this Court.

2. This is an action that involves parties and property located within the venue of this Court, and venue is otherwise proper pursuant to 28 U.S. Code § 1391.

3. At all times material hereto, the Plan Beneficiary was a citizen and is and was an individual residing in Houston, Texas and is *sui juris*.

4. At all times material hereto, the Defendant, Aetna Life Insurance Company, (hereinafter "Aetna"), is and was a health insurance company authorized to, and doing business

in the state of Texas and providing health insurance coverage and plan administration services to Texas residents, including Plaintiff.

5. A substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas by virtue of the fact that the plan was issued in Texas.

6. At all times material hereto, Defendant Aetna, administered health benefits and related services in the State of Texas, and is subject to the jurisdiction of this Court.

7. At all times material hereto, Aetna administered employer health benefits and administered health insurance claims for Plaintiff in the State of Texas and more specifically in Harris County, Texas.

8. At all times material hereto, Montgomery Roth Architecture & Interior Design (hereinafter "the Company"), is and was an employer that sponsored a health insurance plan of which Plaintiff is and was a beneficiary. The Company employed more than 20 employees at all relevant times.

9. At all times material hereto, Defendant Aetna was a claims administrator for the Company.

10. Aetna is solely responsible to the Beneficiary and has full discretion to administer the plan. Only Aetna may waive a requirement of the plan. No other person, including the customer or provider, can do this. *See* Plan, pg. 55.

11. Under the terms of the Plan administered by Defendant, Aetna, patients who are covered under plans that Defendant administers, like Plaintiff, are entitled to payment for medically necessary health benefits.

12. At all times material hereto, the Defendant, Aetna was the claims administrator for the Company, a sponsored health insurance plan, of which, Plaintiff was a beneficiary.

13. This Court possesses original jurisdiction pursuant to Title 29, United States Code, Section 1132(e), and Title 28, United States Code, Section 1331.

14. Venue is proper in the Southern District Court of Texas pursuant to Title 29, United States Code, Section 1132(e) and Title 28, United States Code, Section 139l(b) since the facts and circumstances *(e.g.,* claim denial and payment of health benefits) giving rise to this cause of action transpired (in whole or in part) in Harris County, Texas and (2) Defendant's conduct a substantial amount of business in this District and in Harris County, Texas.

15. All conditions precedent to the institution of this action (e.g., administrative pre-suit appeals) have occurred, been performed, been waived, or were futile.

## STATEMENT OF THE FACTS

16. At all material times, the Plan Beneficiary, Member ID: W264144974, was covered by the health insurance plan sponsored and self-funded by her employer, Montgomery Roth Architecture & Interior Design ("the Company"). A copy of the Plan document is attached hereto as **Exhibit A**.

17. Aetna was the claims administrator for the Company. The Company was the Plan Administrator at all times material, however, the Company has no discretion to interpret the plan documents and make claims decisions. Only Aetna can do this.

18. At all material times, the Plan Beneficiary required medically necessary medical services. More specifically, Plaintiff required substance abuse services.

19. The Insured sought pre-certification for inpatient care in a Chemical Dependency Residential Treatment Facility, Alta Mira Recovery Facility for date of service August 26, 2021. The services sought are covered services under the Insured's health insurance plan.

20. By letter dated August 27, 2021, Aetna denied pre-authorization for these services ("the First Denial Letter"). The Insured has incurred a total amount of $64,500 in out-of-pocket expenses as a result of this improper pre-certification denial.

21. Pursuant to the Denial Letter, Aetna determined that the requested services were not covered for Chemical Dependency Residential Treatment Facility.

22. Aetna determined that the plan provides limited or no coverage for this service because "there is no coverage for out of network providers or facilities with this plan."

23. However, pursuant to the Insured's own investigation and various conversations with multiple Aetna representatives, Aetna made multiple and contradictory representations that the services sought were covered at the Alta Mira Recovery Facility.

24. The Insured entered Alta Mira Recovery Program in Sausalito, CA on approximately August 26, 2022.

25. There were no "in-network" facilities within the 60 radius miles that Aetna promised to provide their Insured.

26. The closest "in-network" facility was 400 miles from her home, located in Santa Fe Springs, CA and not within reasonable distance of her family and children.

27. While seeking pre-authorization over the course of two weeks, the Insured was advised by ten (10) different Aetna representatives that the service would be covered, names of the representatives are as follows:

   a. Sally
   b. Deborah
   c. Mary
   d. Mindy
   e. Jake
   f. Debra
   g. Carl
   h. Francisco

      i. Maria Sandoval – Member Advocacy Department
      j. Daisy L. – Behavioral Health Pre-Certification Department.

28. During the Insured's call with Maria Sandoval and Daisy L., the Insured was informed that due to her circumstances and the coverage "gap," she would be able to obtain coverage with a "Network Deficiency Authorization Urgent Request."

29. However, Aetna refused to accept a network deficiency request during the authorization process on the basis that submission of the deficiency request first required admission into the facility to obtain a Doctor's diagnosis, NPI number, and Tax ID of the Provider.

30. Every single Aetna representative confirmed to the Insured that after meeting her deductible of $3,000, Aetna would provide full coverage for the Chemical Dependency Residential Treatment.

31. Despite the representations made by multiple of Aetna's representatives, the Insured was informed by Lauren Cameron of Alta Mira that this facility was in fact "Out-Of Network" for Aetna Providers.

32. Thereafter, Aetna failed to pre-certify the services, and the Insured incurred out of pocket expenses.

33. However, as stated above and to her detriment, on multiple occasions Aetna stated services were covered based on the Insured's circumstances and inability to find an in network facility within a reasonable distance of her family's home. Based on the Insured's reliance on statements of Aetna's representatives, the Insured sought admission to the facility to her detriment because she was later told it was not covered.

34. In addition, the Plan Document makes no reference to coverage guidelines, nor does it place any limitations on the requested substance abuse services. The Plan lists substance related disorders treatment as "covered", and states, in relevant part, as follows:

> **Substance related disorders treatment**
>
> *Includes detoxification, rehabilitation and residential treatment facility*
> *Coverage provided is the same as for any other illness*
>
> *Inpatient services-room        100% per admission after deductible*
> *and board during a hospital stay*
>
> See Schedule of Benefits, pg. 7.

35. Contrary to Aetna's assertion that there is no coverage for the Insured's Chemical Dependency Residential Treatment, the subject policy does provide coverage for these services.

36. Aetna made an improper benefit coverage determination and failed to properly assess the Insured's medical conditions, misrepresented issues of material fact and misled the Insured multiple times.

37. As a result, the Insured submitted multiple appeals to Aetna which were denied and the original decision to deny services was upheld.

38. The services are covered benefits under the Plan.

39. As of the date of filing of this lawsuit, Aetna has failed to address the Plan Beneficiary's requests and continues to deny the services.

40. The Plan states in relevant part, as follows:

> To get network benefits, you must use network providers. There are some exceptions:
> .......

- **Network provider not reasonably available** – You can get services from an out-of network provider **if an appropriate network provider is not reasonably available.** You must request approval from us before you get the care. Contact us for assistance.

*See* Plan, pg. 35.

41. Here, no network provider was reasonably available.

42. The Insured requested approval and Aetna directed the Insured to the out of network facility and informed her that she could only submit network deficiency request after admission.

43. Thereafter, Aetna denied the services.

44. By virtue of multiple violations and wrongful denial of benefits by the Defendant and its agents, Plaintiff has been forced to retain the services of the undersigned counsel and has agreed to pay said attorney a reasonable fee for the services.

## COUNT I
## VIOLATION OF §502 (a) of ERISA Against Defendant

45. Plaintiff re-adopts and re-alleges and incorporates by reference paragraphs 1 through 44 as if fully set forth herein.

46. Plaintiff is a Plan Beneficiary under §502(a) of ERISA.

47. As a Plan Beneficiary under §502(a) of ERISA, Plaintiff is entitled to recover benefits under the terms of the plan administered by Defendant, its agents, and employees, under which she is covered.

48. As a Plan Beneficiary under §502(a) of ERISA, Plaintiff is entitled to clarification of her rights to benefits under the terms of the Plan administered by Defendant, its agents, and employees, under which she is covered.

49. The terms of the health benefit plan at issue in this action obligates Defendant, its agents, and employees, to cover and make payment to Plaintiff for covered services in accordance with its terms.

50. Defendant, its agents, and employees, failed to cover and make full payment of benefits to Plaintiff although she has a debilitating medical condition for which she sought coverage, in violation of ERISA.

51. Defendant, its agents, and employees, failed to provide Plaintiff with all rights she is entitled to under the terms of the Plan administered by Defendant, under which she is covered, in violation of ERISA.

52. Defendant, its agents, and employees, failed to make clear to Plaintiff all rights she is entitled to under the terms of the Plan administered by Defendant, under which she is covered in violation of ERISA.

53. Defendant, its agents, and employees, further violated ERISA by interpreting and implementing ERISA plan terms in a way that was systematically arbitrary and capricious, and failed to provide a benefit determination and appeal process that provides for a full and meaningful review of benefit claims and determinations.

54. As a direct and proximate cause of the Defendant's and Defendant's agents and employees' violations of ERISA, Plaintiff has suffered damages.

55. Plaintiff is entitled to monetary damages and/or restitution from Defendant. In particular, and not by way of limitation, Defendant is liable to Plaintiff for unpaid benefits, interest, attorneys' fees, and other penalties as this Court deems just and proper, under ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B).

56. In addition, Plaintiff seeks counsel fees, costs, prejudgment interest and other appropriate equitable relief, Defendant's violations of ERISA.

**WHEREFORE**, Plaintiff prays that this Honorable Court will enter judgment against AETNA for Compensatory Damages from the actions caused by Defendant, its agents and employees; That this Court take jurisdiction of this action and all parties named in this Complaint, and that this Court permit Plaintiff to join in this action by appropriate amended pleading any such additional parties as may be necessary for a full and complete determination of Plaintiff's rights; and Award Plaintiff any such other relief as this Court deems just and proper.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, JANE DOE, prays that this Honorable Court will enter judgment against Defendant, AETNA, as follows:

a. For reasonable attorney's fees and costs of suit;

b. For all damages allowed under ERISA;

c. Declaring that Aetna has breached the terms of the Summary Plan Description;

d. Declaring that Aetna has breached its fiduciary duties under ERISA;

e. Awarding pre-judgment and post-judgment interest; and

f. For such other and further relief as the Court deems just and proper.

Dated this 11th day of August 2023.

Respectfully submitted,

**MCNAMARA LAW OFFICES**
*Counsel for Plaintiff*
10455 Jefferson Hwy Ste 130
Baton Rouge, LA 70809
Ph**:** 225-201-8311
Attorney email:
price@jpricemcnamara.com

By:   **/s/ J. Price McNamara**
         J. PRICE MCNAMARA
         Texas Bar No.: 24084626


**HEALTH AND MEDICINE LAW FIRM, PLLC**
*Counsel for Plaintiff*
8950 SW 74th Court, Suite 2201
Miami, FL 33156
Ph: 305-677-2292
Fax: 305-677-2306
Service email:
admin@healthandmedicinelawfirm.com
Attorney email:
msanti@healthandmedicinelawfirm.com

By:     **/s/ Maria T. Santi**
           MARIA T. SANTI, ESQUIRE
           Florida Bar No.:  117564
           (*Pro Hac Vice Pending*)


*Complaint will be sent by certified mail to all
defendants with request for waiver of service of summons.