UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JANE DOE,                                        Case No.: 4:23-cv-2976

        Plaintiff,

vs.

AETNA LIFE INSURANCE COMPANY,

        Defendant.

_____/

## PLAINTIFF'S MOTION TO PROCEED WITH PSEUDONYM

COMES NOW, Plaintiff, JANE DOE, through undersigned counsel, and pursuant to Federal Rules of Civil Procedure, files her Motion to Proceed with Pseudonym, in this proceeding, and states as follows:

### Introduction and Brief Statement of the Facts

This is a civil action arising under the laws of the United States, specifically the Employment Retirement Income Security Act of 1974, Title 29, United States Code Sections 1000-1461 ("ERISA"), for Defendants' wrongful denial of Plaintiff's health insurance benefits for damages, attorney's fees and costs, and for other relief within the subject matter jurisdiction of this Court.  This civil action involves a denial by Defendants based on a residential hospitalization admission for substance abuse services, thus the information at issue is sensitive information and is subject to a high level of confidentiality under applicable confidentiality laws.

### Standard of Review

A district court's ruling on a party's use of a pseudonym is reviewed for abuse of discretion. *Plaintiff B v. Francis*, 631 F.3d 1310, 1314 (11th Cir. 2011).; *Doe v. Stegall*, 653 F.2d 180, 184 (5th Cir. Unit A Aug. 1981). It is an "extremely limited and highly deferential" standard of review.

1

*In re Clerici*, 481 F.3d 1324, 1331 (11th Cir. 2007). It allows "a zone of choice within which" the district court "may go either way." *United States v. Frazier,* 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc). The Circuit courts will usually affirm the district court's choice "unless [they] find that the district court has made a clear error of judgment, or has applied the wrong legal standard." *Id*. A district court abuses its discretion in denying a motion to remain anonymous if it fails to actually consider the circumstances of the case and to weigh the relevant factors and instead follows a blanket rule in making its final decision. *Plaintiff B,* 631 F.3d at 1315. *See also James v. Jacobson*, 6 F.3d 233, 239–43 (4th Cir.1993) (holding that the district court abused its discretion in denying motion to remain anonymous during trial when it ruled based "on the basis of general disapproval of party anonymity at trial").

### Argument and Memorandum of Law

I.     **Plaintiff's privacy in this matter outweighs the presumption of openness because it is information of the utmost intimacy and the information at issue is sensitive information.**

Plaintiff asserts she should be able to proceed anonymously with a pseudonym in this matter. Federal Courts have carved out exceptions to the naming requirement under the Rules. *See Doe v. Frank*, 951 F.2d 320 (11th Cir. 1992). The Courts have previously permitted a plaintiff to proceed anonymously when cases involve disclosure of information that is negatively painted with social stigma. *Id.* Cases involving mental illness, homosexuality, and even transsexuality have been seen as sufficient basis to overcome the need for openness in judicial proceedings. *See Id.* In determining whether a plaintiff is permitted to proceed anonymously, the court will need to decide if "the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally embedded presumption of openness in judicial proceedings.'" *Id.* Therefore, the court must conduct a balancing test to weigh the need for privacy for the plaintiff versus the need for openness.

*See Doe v. Frank*, 951 F.2d 320 (11th Cir. 1992); *see also Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981); *see also Does v. Swearingen*, No. 618CV1731ORL41LRH, 2019 WL 4386936 (M.D. Fla. Sept. 13, 2019).

Here, the Plaintiff would be negatively impacted because there is information related to sensitive health information that may be disclosed in the proceeding, requiring the heightened protection of privacy sufficient to meet the delineated exceptions in Federal law. In particular, the administrative record and other information include the Plaintiff's diagnosis, psychotherapy notes, health history and other intimate information related to her mental health and substance abuse.

In conducting the balancing test, the 11th Circuit, the 5th Circuit, the Southern District of Florida, have considered multiple factors to determine if the need for privacy outweighed the openness presumption. In the instate case only the second and sixth factors are relevant. Some of the factors include (1) whether the plaintiff seeking anonymity is challenging governmental activity, (2) whether the plaintiff will be required to disclose information of the utmost intimacy, (3) whether the plaintiff will be compelled to admit their intention to engage in illegal conduct and thus risk criminal prosecution, (4) whether the plaintiff was a minor, (5) whether the plaintiff was threatened with violence or physical harm by proceeding in their own names, and (6) whether the plaintiff's anonymity posed a unique threat of fundamental unfairness to the defendant. *See Doe v. Frank*, 951 F.2d 320 (11th Cir. 1992). The above factors are not intended to be exclusive and limiting, but rather the court should "review all circumstances in a given case and 'then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns.'" See *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992); *see also Doe v. City of Vero Beach*, No. 2:19-14212, 2019 WL 4277045 (S.D. Fla. Sept. 10, 2019). In evaluating whether a plaintiff has shown that he has such a right, the court "should carefully review all the

circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Frank*, 951 F.2d at 323; *Plaintiff B*, 631 F.3d at 1316.

The Fifth Circuit has determined that there are three factors to consider to determine whether to permit party anonymity:

> (1) plaintiffs seeking anonymity were suing to challenge governmental activity;
> **(2) prosecution of the suit compelled plaintiffs to disclose information "of the utmost intimacy**; " and
> (3) plaintiffs were compelled to admit their intention to engage in illegal conduct, thereby risking criminal prosecution.

*Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981)

Plaintiff's privacy in this matter outweighs the presumption of openness because the information at issue is of the utmost intimacy. The information at issue is related to sensitive mental health and substance abuse issues, which if disclosed can unnecessarily affect the Plaintiff's livelihood and embarrass the Plaintiff.  It is also tainted by social stigma. The release of the information can also cause triggering effects which can subject the Plaintiff to negative health consequences, both mentally and physically. There is no need for the public to have intimate and sensitive information that they can use against her.

The defendant will be made aware of who the Plaintiff is, although the filings are anonymous. Therefore, there is no unique threat of fundamental unfairness to the defendant by the anonymous Plaintiff**.** The second factor of the balancing test is worth more in-depth consideration. Factor two is whether the plaintiff will be required to disclose information of the utmost intimacy. In this matter, the Plaintiff had medical information disclosed that is of the utmost intimacy because it deals with mental health and suicidal ideations, and other mental health issues. The

information disclosed is also considered Protected Health Information which is protected under state and federal law.

Therefore, in conducting the balancing test of interests, the Plaintiff's right to privacy outweighs the presumption of openness in judicial proceedings and the Plaintiff should be permitted to remain anonymous.

**II.    Plaintiff Should be Able to Proceed Under a Pseudonym Because the Information at Issue is Protected under HIPAA**

Plaintiff should also be able to proceed using a Pseudonym because the information at issue is sensitive information and is protected health information under HIPAA. She required treatment, she did not expect that she would be in a position where she would have to sue her health insurance company.

Both federal and state laws restrict the disclosure or use of health information concerning the identity, diagnosis, prognosis of, or service provision to, individuals who have received services from health care providers. *See, inter alia*, § 395.3025(8) § 456.059, Fla. Stat.; § 456.057, Fla. Stat., and § 456.073(10), Fla. Stat., and other applicable confidentiality laws, regulations, and rules.

The federal Health Insurance Portability and Accountability Act of 1996 ("HIPAA") sets forth privacy regulations that restrict the use or disclosure of protected health information by covered entities and business associates when there is no patient authorization. See 45 C.F.R. § 164.502.  Protected health information includes any individually identifiable health information that is transmitted by electronic media, maintained in electronic media, or transmitted or maintained in any other form or medium.  45 C.F.R. § 160.103.  HIPAA defines individually identifiable information as follows:

Information that is a subset of health information, including demographic information collected from an individual, and:

(1)     Is created or received by a health care provider, health plan, employer, or health care clearinghouse; and

(2)     Relates to the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual; and

(3)     That identifies the individual; or

(4)     With respect to which there is a reasonable basis to believe the information can be used to identify the individual. Id.

Thus, unless expressly permitted by the HIPAA privacy regulations, covered entities may not disclose individually identifiable health information and this information is confidential under federal law. *See* 45 C.F.R. § 164.502.

Accordingly, HIPAA prohibits the disclosure or use of any person's PHI in litigation or other proceedings unless satisfactory safeguards are in place to limit the use and disclosure of the PHI. *See*, 45 C.F.R. § 164.512(e). Lastly, a patient's authorization is required prior to a disclosure of medical records, psychotherapy notes for any reason, including a disclosure for treatment purposes to a health care provider other than the originator of the notes. *See* 45 CFR 164.508(a)(2).

In addition, Psychotherapy notes are treated differently from other mental health information, both because they contain particularly sensitive information and because they are the personal notes of the therapist that typically are not required or useful for treatment, payment, or health care operations purposes, other than by the mental health professional who created the notes. HIPAA requires a covered entity (here Aetna is a covered entity) to obtain a patient's authorization

prior to a disclosure of psychotherapy notes for any reason, including a disclosure for treatment purposes to a health care provider other than the originator of the notes. *See* 45 CFR 164.508(a)(2).

Here, Aetna is subject to HIPAA and there are no safeguards in place to protect the Plaintiff's information. Thus, using her name would be a violation of HIPAA in the event the Defendant refers to protected health information during the proceeding. Plaintiff does not authorize the use of PHI by Aetna in a manner where her PHI would be placed in the public record, in particular highly sensitive medical notes.

The Plaintiff requests that this Honorable Court allow Plaintiff to proceed using a Pseudonym based on analysis of the five factors set forth above.

## **CONCLUSION**

For the foregoing reasons Plaintiff requests that this Honorable Court enter an Order Granting her request to proceed in this legal proceeding using a Pseudonym.

Dated this 11th day of August 2023.

Respectfully submitted,

**MCNAMARA LAW OFFICES**
*Counsel for Plaintiff*
10455 Jefferson Hwy Ste 130
Baton Rouge, LA 70809
Ph**:** 225-201-8311
Attorney email:
price@jpricemcnamara.com

By:   **/s/ J. Price McNamara**
      J. PRICE MCNAMARA
      Texas Bar No.: 24084626

**HEALTH AND MEDICINE LAW FIRM, PLLC**
*Counsel for Plaintiff*
8950 SW 74th Court, Suite 2201
Miami, FL 33156
Ph: 305-677-2292
Fax: 305-677-2306
Service email:
admin@healthandmedicinelawfirm.com
Attorney email:
msanti@healthandmedicinelawfirm.com

By:     **/s/ Maria T. Santi**
        MARIA T. SANTI, ESQUIRE
        Florida Bar No.:  117564
        (*Pro Hac Vice Pending*)