Case 4:23-cv-02976   Document 30   Filed on 02/19/25 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
February 19, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JANE DOE, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:23-CV-02976 |
| § | |
| AETNA LIFE INSURANCE COMPANY, § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

Pending before the Court is the defendant's, Aetna Life Insurance Company's ("Aetna"), motion for summary judgment (Dkt. No. 22). The plaintiff, Jane Doe, has filed a response to the defendant's motion (Dkt. No. 25), Aetna has filed a reply (Dkt. No. 26). After reviewing the motion, the pleadings, the record, and the applicable law, the Court determines that the Aetna's motion should be **GRANTED** .

**II.   FACTUAL BACKGROUND**

This case arises out of the defendant's alleged wrongful denial of benefits to the plaintiff under the Employment Retirement Income Security Act of 1974 ("ERISA"). The plaintiff was entitled to benefits under an ERISA employee health plan ("the Plan") administered by Aetna from 2021–2022. Aetna, as the Plan administrator, had the discretion to interpret the Plan and make decisions to pay benefits under the Plan. The parties disagree on the significance of the Plan's terms, but they do not dispute the text of the Plan itself.

The Plan provided benefits coverage for substance related disorders treatment with in-network providers after a beneficiary received precertification from Aetna. The Plan limited payment of benefits to a network of healthcare providers ("in-network providers"). The Plan, however, would also provide benefits to providers outside of this network ("out-of-network providers") if an in-network provider was not "reasonably available." Payment to an outside-of-network provider required pre-approval by Aetna. This exception is known in the Plan documents as a "network deficiency."

On August 26, 2021, Doe requested pre-approval for residential chemical dependency treatment at an out-of-network provider. On the same day she sought pre-approval, she entered a residential treatment program at her chosen out-of-network provider. On August 27, 2021, Aetna denied her request because it found no network deficiency in that area for the services Doe sought. Aetna also notified Doe's preferred out-of-network provider that it would not pay benefits on behalf of Doe. Nevertheless, Doe sought treatment at the specific out-of-network provider due to its proximity to a family member who provided care for her children during her treatment. She subsequently paid the out-of-network provider $64,500 for a thirty-day residential treatment program.

On February 23, 2022, Doe, in accordance with the Plan's procedures, appealed Aetna's determination that she was not entitled to benefits for the treatment she received at the out-of-network provider. On March 25, 2022, Aetna upheld its prior decision to deny benefits. On May 18, 2022, she initiated a second-level appeal which Aetna responded to on June 16, 2022, by repeating its denial of benefits.

### III. CONTENTIONS OF THE PARTIES

Aetna moves for summary judgment on the basis that there is no dispute of material fact that its decision to deny benefits for Doe's treatment at an out-of-network provider was not a violation of ERISA. Aetna argues it's interpretation of the Plan is legally correct and that its decision to deny benefits was not an abuse of discretion. Furthermore, Aetna argues that any oral representations made to Doe by Aetna representatives cannot modify the plan or entitle Doe to benefits as a matter of law.

Doe responds by arguing Aetna's interpretation of the Plan was not legally correct, therefore Aetna abused its discretion when it denied benefits to her for treatment that she received at the out-of-network provider. Doe urges the Court to deny Aetna's requests for judicial notice regarding the location of in-network providers. Finally, Doe argues that Aetna failed to provide a meaningful review of the claim for benefits.

### IV. STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumberger*, *Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).


If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Id.* (internal citations omitted). It may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *American Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Intern.*, 343 F.3d 401, 405 (5th Cir. 2003).

"A fact is material only if its resolution would affect the outcome of the action, . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted). When determining whether a genuine issue of material fact has been established, a reviewing court is required to construe "all facts and inferences . . . in the light most favorable to the [nonmovant]." *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)). Likewise, all "factual controversies [are to be resolved] in favor of the [nonmovant], but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Boudreaux*, 402 F.3d at 540 (citing *Little*, 37 F.3d at 1075 (emphasis omitted)). Nonetheless, a reviewing court is not permitted to "weigh the evidence or evaluate the credibility of witnesses." *Boudreaux*, 402 F.3d at 540 (quoting *Morris*, 144 F.3d at 380). Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require

submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, (1986)).

## V.     ANALYSIS & DISCUSSION

ERISA allows a plan participant or beneficiary to bring a civil action "to recover benefits due to [her] under the terms of [her] plan." 29 U.S.C. § 1132(a)(1)(B). ERISA requires that "[e]very employee benefit plan shall be established and maintained pursuant to a written instrument." 29 U.S.C. § 1102(a)(1). A participant or beneficiary in a plan that empowers the plan administrator with discretionary authority may recover benefits due to her where a plan administrator abuses its discretion. *Cloud v. Bert Bell/Pete Rozelle NFL Player Retirement Plan,* 95 F.4th 964, 971 (5th Cir. 2024).

The Fifth Circuit Court of Appeals has directed courts to use a multi-step process to determine if a plan administrator has "abused its discretion in construing a plan's terms." *Conn. Gen. Life Ins. Co. v. Humble Surgical Hosp., LLC,* 878 F.3d 478, 483 (5th Cir. 2017). First, the court may determine whether the plan administrator's interpretation was "legally correct" and "[i]f so, the inquiry ends and there is no abuse of discretion." *Id.* (quoting *Stone v. UNOCAL Termination Allowance Plan*, 570 F.3d 252, 257 (5th Cir. 2009)). If the plan administrator's interpretation "was legally incorrect," then the court reviews the plan administrator's decision for "abuse of discretion." *Id.* However, the court "may 'skip the first step if' it 'can more readily determine that the decision was not an abuse of discretion.'" *Id.* at 483-84 (quoting *Holland v. Int'l Paper Co. Ret. Plan*, 576 F.3d 240, 246 n.2 (5th Cir. 2009)).

In this case, the parties dispute depends upon the Plan's network deficiency exemption for payment of benefits to an out-of-network service provider. In accordance with the Fifth Circuit

Court of Appeals guidance, the Court moves directly to the question whether Aetna's decision was an abuse of discretion because the dispute more appropriately calls for a review of Aetna's explanation and evidence within the administrative record.

### a. Abuse of Discretion

Abuse of discretion by an ERISA plan administrator requires the Court to determine whether "substantial evidence" supports the administrator's decision even if that evidence is "disputable." *Cloud,* 95 F.4th at 971. Substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation omitted). A decision by a plan administrator therefore "constitutes an abuse of discretion 'only if it is made without a rational connection between the known facts and the decision.'" *George v. Reliance Standard Life Ins. Co.,* 776 F.3d 349, 353 (5th Cir. 2015) (quoting *Truitt v. Unum Life Ins. Co. of Am.*, 729 F.3d 497, 508 (5th Cir.2013)). The evidence for the administrator's decision is limited to the administrative record. *LifeCare Mgmt. Servs., LLC v. Insurance Mgmt. Adm'rs, Inc.,* 703 F.3d 835, 841 (5th Cir. 2013). "An ERISA claimant bears the burden to show that the administrator abused its discretion." *Nichols v. Reliance Standard Life Ins. Co.,* 924 F.3d 802, 808 (5th Cir. 2019).

In this case, the relevant facts are not disputed and are reflected in the administrative record. Doe requested preapproval for treatment at an out-of-network provider. Aetna then confirmed the presence of nine in-network providers nearby. The administrative record reflects that Aetna confirmed the immediate availability of at least one of the in-network providers. Based on this evidence, Aetna denied Doe's request for preapproval of treatment at the out-of-network provider that she chose because there was "no network deficiency in [Doe's] area." Aetna provided that explanation to Doe. There is thus evidence in the administrative record supporting Aetna's

decision to find no network deficiency and deny her request for treatment at an out-network provider.

### i. Childcare

Doe does not dispute that there is evidence in the administrative record of in-network providers nearby the zip code she provided. She argues, however, that an in-network provider was not "reasonably available" within the meaning of the Plan based on the availability of suitable childcare during her treatment. The parties dispute whether the Court should take judicial notice of the difference in miles between facilities on this point. However, the Court does not need to address this point because there is no provision of the Plan requiring that in-network provider be the closest possible facility to a member or beneficiary's given address. Hence, the distance between the facilities is not material to Doe's entitlement to benefits in this case.

The administrative record reflects that the Plan does not provide a childcare benefit for inpatient substance abuse related disorder treatment. *Cf. Dwyer v. United Health Ins. Co.,* 115 F.4th 640, 647 (5th Cir. 2024) ("When making a substantive benefits determination, the text of the plan is the alpha and the omega.") Moreover, Doe's preferred out-of-network provider did not provide childcare. Her request was based on proximity to a third-party who would provide childcare for the duration of her treatment. While there is no provision in the Plan for such a request, Aetna complied with it to the extent that it confirmed the presence of a reasonably available in-network provider nearby the out-of-network provider that she requested.

### ii. Providing the name of an in-network provider

Doe also argues that Aetna abused its discretion because there is no evidence in the administrative record that Aetna directed her to an in-network provider. There is evidence in the administrative record that Aetna notified Doe regarding the immediate availability of an in-network provider. However, the administrative record also reflects that Doe requested treatment at a specific out-of-network provider rather than treatment generally. Her request was denied based on the Plan's lack of coverage for services at out-of-network providers. Doe was also notified by Aetna of the reason for this decision. There was no network deficiency. Doe does not identify any provision of the Plan that obligated Aetna to direct her to an alternate in-network provider when a request for payment to an out-of-network provider is denied. *Cf. Nichols v. Reliance Standard Life Ins. Co.,* 924 F.3d 802, 808 (5th Cir. 2019) ("An ERISA claimant bears the burden to show that the administrator abused its discretion.") Furthermore, as a factual matter, Doe entered treatment at her preferred out-of-network provider the same day she sought preapproval. Thus, whether or not Aetna directed Doe to an available in-network provider could not constitute an abuse of discretion.

### iii. Oral modification

Doe also argues in her amended complaint, though not in her response to Aetna's motion, she spoke to Aetna representatives who orally assured her of benefits for services at her preferred out-of-network provider. While ERISA dictates that an employee benefit plan must be established and maintained by a written instrument, the Fifth Circuit precedent recognizes the existence of an estoppel claim. In order to establish an ERISA estoppel claim a claimant must establish: "(1) a material misrepresentation; (2) reasonable and detrimental reliance upon the representation; and

(3) extraordinary circumstances." *Mello v. Sara Lee Corp.*, 431 F.3d 440, 444–45 (5th Cir. 2005). The Fifth Circuit has made clear that reliance on an oral modification of a written plan's terms is, as a matter of law, not "reasonable and detrimental reliance" for purposes of ERISA estoppel. *Id.* at 446. Thus, any oral representation made by an Aetna representative cannot establish Doe's entitlement to benefits for services at an out-network provide based on estoppel. *Cf. Degan v. Ford Motor Co.*, 869 F.2d 889, 895 (5th Cir.1989).

### iv. Meaningful review

Doe finally argues that Aetna abused its discretion as plan administrator by failing to engage in a meaningful review or dialogue with her. However, the question of meaningful review or dialogue is relevant where a beneficiary challenges the administrator's compliance with ERISA procedural requirements. *See Dwyer,* 115 F.4th at 649 (addressing claims brought under 29 U.S.C. § 1133(2)). Doe has not challenged Aetna's compliance with the requirements of 29 U.S.C. § 1133(2). Thus, Doe's argument that Aetna failed to participate in a meaningful review or dialogue with her does not establish that Aetna abused its discretion.

## VI. CONCLUSION

Based on the foregoing analysis and discussion, Aetna did not abuse its discretion as administrator of the Plan and it entitled to summary judgment. Aetna's motion for summary judgment is **GRANTED**.

It is so **ORDERED**.

SIGNED on February 19, 2025, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge